```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

LAZANDY DANIELS                                CIVIL ACTION

VERSUS                                         NUMBER: 11-0044

FRANKLINTON POLICE DEPT., ET AL.               SECTION: "N"(5)


### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was originally filed in the United States District Court for the Middle District of Louisiana by pro se, plaintiff, Lazandy Daniels, against defendants, the Franklinton Police Department and two of its law enforcement officials, Sergeant Michael Tate and Officer Daniel Norsworthy. (Rec. doc. 1). On January 10, 2011, the Magistrate Judge to whom the case had been allotted in the Middle District issued an order transferring the case to this District. (Rec. doc. 3). A ruling on plaintiff's application to proceed in forma pauperis ("IFP") was deferred in light of the transfer and that application has now been granted. (Rec. docs. 4, 6).

In his complaint, plaintiff alleges that he was subjected to the excessive use of force at the hands of the named defendant law enforcement officials at the time of his arrest on October 30, 2006. (Rec. doc. 1, p. 3). Plaintiff additionally alleges that said law enforcement officials offered perjured testimony at the time of his trial resulting in his being illegally convicted. (Id. at p. 4). Plaintiff seeks an unspecified amount of monetary damages and the termination of Sergeant Tate and Officer Norsworthy from their jobs. (Id.).

Initially, the Court is required to examine plaintiff's complaint to determine whether the allegations presented therein, if proven, would undermine the constitutional validity of his state court conviction or confinement. When a state prisoner attacks the very fact or length of his confinement, the appropriate cause of action is a petition for writ of habeas corpus even though the facts of the complaint might otherwise be sufficient to state a claim under 42 U.S.C. §1983. Caldwell v. Line, 676 F.2d 494 (5th Cir. 1982); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Johnson v. Hardy, 601 F.2d 172 (5th Cir. 1979). Where the exclusive initial remedy is for habeas corpus relief, exhaustion of state court remedies is required, a requirement that applies to both pre-trial and post-conviction habeas proceedings. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Preiser v. Rodriquez, 411 U.S.

475, 93 S.Ct. 1827 (1973); Dickerson v. State of Louisiana, 816 F.2d 220, 225 (5th Cir.), cert. denied, 484 U.S. 956, 108 S.Ct. 352 (1987). The exhaustion requirement is satisfied only where a prisoner's grounds for federal habeas corpus relief were previously presented to the state's highest court in a procedurally proper fashion. Knox v. Butler, 884 F.2d 849, 852 n.7 (5th Cir. 1989), cert. denied, 494 U.S. 1088, 110 S.Ct. 1828 (1990); Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

Plaintiff herein alleges, inter alia, that he was convicted based on the perjured testimony of his arresting officers at the time of trial. Such an allegation clearly challenges the fact and duration of plaintiff's confinement, a proper habeas corpus issue which cannot be addressed until Daniels has exhausted available state court remedies with respect to said allegation. McGrew v. Texas Board of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994); Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994); Hernandez v. Spencer, 780 F.2d 504, 505 (5th Cir. 1986). In that regard, plaintiff makes no showing in his complaint of having presented his perjured testimony claim to the Louisiana Supreme Court for its consideration. A review of the unpublished opinion from the Louisiana First Circuit Court of Appeal which affirmed his conviction and sentences reveals that the sole assignment of error urged in that proceeding was

excessive sentences, <u>State v. Daniels</u>, 994 So.2d 155, 2008 WL 4764320 (La. App. 1st Cir. 2008)(table), and writs were not thereafter sought from the Louisiana Supreme Court.  Accordingly, insofar as the instant matter can be construed as a request for habeas corpus relief, it should be dismissed without prejudice for failure to exhaust available state court remedies.  <u>McGrew</u>, 47 F.3d at 161.

The Court must now determine whether any viable §1983 claims are raised by plaintiff's complaint.  On that score, the law is clear that plaintiff has no §1983 action respecting the validity of his conviction unless and until said conviction has been reversed on direct appeal, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364 (1994); <u>Wells v. Bonner</u>, 45 F.3d 90, 94-95 (5th Cir. 1995).  In addition, plaintiff's excessive force and perjured testimony claims against the arresting officers are clearly prescribed, <u>Elzy v. Roberson</u>, 868 F.2d 793, 794 (5th Cir. 1989), and police departments of cities, such as the Franklinton Police Department, are not suable entities under §1983. <u>Eddy v. City of Miami</u>, 715 F.Supp. 1553, 1556 (S.D. Fla. 1989); <u>Ruggerio v. Litchfield</u>, 700 F.Supp. 863, 865 (M.D. La. 1988).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's

complaint, to the extent that it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that plaintiff's §1983 claims be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(ii). Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 24th day of January, 2011.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE